IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                                22-CR-173-RJA

TRISTIN PEARSON,

Defendant.

_____

## PLEA AGREEMENT

The defendant, TRISTIN PEARSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 3 of the Indictment which charges a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography) for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.     The defendant understands that the Court must impose an assessment of not more than $17,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(1), in addition to any other criminal penalty, restitution, or special assessment.

4.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration

2

current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6.      The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to Title 18, United States Code, Section 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.    ELEMENTS AND FACTUAL BASIS

7.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      The defendant knowingly possessed or knowingly accessed with intent to view a visual depiction.

b.      The visual depiction was child pornography.

c.      The child pornography was produced using materials that had been transported in or affecting interstate or foreign commerce.

d.      The defendant knew that the material he possessed was child pornography.

## FACTUAL BASIS

8.    The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.    Between in or about January 2018 and in or about May 2018, the defendant engaged in a sexual relationship with Victim 1, a 15 year old female.

b.    The defendant knew Victim 1 was 15 years old at the time they began the sexual relationship.

c.    Between in or about January 2018 and in or about May 2018, on two separate occasions, in the Western District of New York, the defendant filmed himself having sexual intercourse with Victim 1 using his cellular telephone, which is an iPhone bearing serial number FNNQF0A1G5MW.  This iPhone was made outside of New York State and had been transported in or affecting interstate or foreign commerce.

d.    Between in or about January 2018 and in or about May 2018, the defendant possessed the two videos of himself and Victim 1 engaging in sexual intercourse on his cellular telephone and distributed those same videos to others via text message.

## III.    SENTENCING GUIDELINES

9.    The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

10.    The government and the defendant agree that Guidelines § 2G2.2 applies to the

offense of conviction; however, because this offense involved causing a minor to engage in

sexually explicit conduct for the purpose of producing a visual depiction of such conduct, the

cross reference under Guidelines § 2G2.2(c) applies.  Thus, the government and the defendant

agree that Guidelines § 2G2.1 applies and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.     The government and the defendant agree that the following specific offense

characteristics apply:

    a.     the two-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years];

    b.     the two-level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

    c.     the two-level increase pursuant to Guidelines § 2G2.1(b)(3) [the defendant knowingly engaged in distribution]

## ADJUSTED OFFENSE LEVEL

12.     Based on the foregoing, it is the understanding of the government and the

defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

13.     At sentencing, the government agrees not to oppose the recommendation that

the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of

responsibility) and further agrees to move the Court to apply the additional one (1) level

decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 35.

## CRIMINAL HISTORY CATEGORY

14.     It is the understanding of the government and the defendant that the defendant's criminal history category is III.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.     It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of III, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **120** months, a fine of $40,000 to $400,000, and a period of supervised release for life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

16.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

18.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

19.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

20.     The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V.    GOVERNMENT RIGHTS AND OBLIGATIONS

21.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

23.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

24.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

25.    Pursuant to Title 18, United States Code, Section 3663(a)(3), Title 18, United States Code, Sections 3663A(a) & (b), Title 18, United States Code, Section 3664, and Title 18, United States Code, Section 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

26.     The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

27.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

28.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

29.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

30.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

31.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

## VII.   APPEAL RIGHTS

32.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VI of this agreement.

33.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

34.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

35.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following cellular phone which was seized by law enforcement officials during the criminal investigation, including but not limited to the following:

      a.   One (1) iPhone cellular telephone with Serial Number FNNQF0A1G5MW

36.     Since the cellular telephone was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the cellular telephone, all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3).   All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those assets which the defendant may still possess or for which the defendant may have any claim.

37.     The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

38.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the cellular telephone.   The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture.   The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and

become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.   The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

39.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the cellular telephone.  The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the cellular telephone in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of the cellular telephone by the United States.

40.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture and disposition of the cellular telephone survives and shall be given full force and effect.


## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

41.     This plea agreement represents the total agreement between the defendant, **TRISTIN PEARSON**, and the government.   There are no promises made by anyone other than those contained in this agreement.    This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.


TRINI E. ROSS
United States Attorney
Western District of New York

BY:    _____
        JONATHAN CANTIL
        Assistant United States Attorney

Dated: _March 29_, 2023


I have read this agreement, which consists of pages 1 through 16.   I have had a full opportunity to discuss this agreement with my attorney, REXFORD MORGAN, Esq.   I agree that it represents the total agreement reached between me and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I

15

understand all of the consequences of my plea of guilty.  I fully agree with the contents of this

agreement.  I am signing this agreement voluntarily and of my own free will.


_____       _____

TRISTIN PEARSON                           REXFORD MORGAN, ESQ.
Defendant                                 Attorney for the Defendant

Dated:  \_\_\_\_\_3-29_____, 2023          Dated:  \_\_\_\_\_3-29_____, 2023