IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                           22-CR-173-RJA

TRISTIN PEARSON,

          Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Jonathan P. Cantil, Assistant United States Attorney, files this Sentencing Memorandum asking this Court to impose a guideline term of imprisonment.

## PROCEDURAL HISTORY

On November 3, 2022, a federal grand jury returned a three-count Indictment against the defendant. The Indictment charged the defendant with one count of production of child pornography, one count of distribution of child pornography, and one count of possession of child pornography. Dkt. 1.

On March 29, 2023, the defendant pleaded guilty to Count 3 of the Indictment, charging him with possession of Child Pornography. Dkt. 17.

As set forth in the defendant's plea agreement, the government and defendant calculated a Sentencing Guidelines total offense level of 35 and a criminal history category of III. The resulting Sentencing Guidelines range of imprisonment anticipated by the plea agreement was 120 months (the statutory maximum punishment for the charged offense), a fine range of $40,000 to $250,000, and a period of supervised release of life. Dkt. 16, ¶ 15.

The Presentence Investigation Report (Dkt. 26) (the "PSR") prepared by the United States Probation Office calculated a total offense level of 35 and a criminal history category of IV, resulting in a Sentencing Guidelines range of imprisonment of 120 months, a fine range of $40,000 to $250,000, and a period of supervised release of five years to life. The government previously filed a Statement with Respect to Sentencing Factors in which it accepted the PSR's calculations; however, the government noted that it is bound by the terms of the plea agreement. Dkt. 29.

## STATEMENT OF FACTS

The government concurs with and relies on the statement of facts set forth in paragraphs 14 through 23 of the PSR.

## APPLICABLE LAW

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct,

protect the public from further crimes of the defendant, and provide the defendant with correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

In determining an appropriate sentence, the Court must first correctly calculate the applicable Guidelines range. *See Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* While the Guidelines are advisory, an error in determining the applicable Guidelines range could render a sentence unreasonable on appellate review. *See .United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005).

After providing the parties an opportunity to argue for a sentence they deem appropriate, the Court must "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50. In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." *Id.* at 50. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

Finally, after determining the sentence, the Court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for

3

exercising his own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

## DISCUSSION

A guideline sentence is appropriate in this case. The defendant, 21-years old at the time, engaged in a sexual relationship with a minor female who he knew was 15-years old. When the 15-year-old female (hereafter "Minor Victim") told the defendant she was 15, his only response was that it was okay so long as it didn't cause him any problems. The defendant and minor victim engaged in this sexual relationship for roughly six months. During that time, the defendant filmed him having sex with the Minor Victim on at least two occasions. The defendant also received, via Facebook messenger, multiple nude images of Minor Victim.

Not only did the defendant record videos himself having sex with Minor Victim, he also distributed one of those videos without Minor Victim's knowledge or consent. In February 2018, one month after the defendant began his relationship with Minor Victim, the defendant texted a video of him having sex with Minor Victim to his ex-girlfriend's current boyfriend. After the defendant sent the video, he texted, "LOL show [the defendant's ex-girlfriend] my new baddddd bihh." This text message was clearly meant to harass and antagonize the defendant's ex-girlfriend. Further, the defendant used the minor victim to carry out this harassment.

The facts of this case demonstrate that this harassing behavior was part of a pattern of abuse with the defendant. In many ways, the defendant and minor victim's relationship was characterized by abuse, harassment, and control. Minor Victim provided that shortly after her relationship with the defendant began, he became controlling and mean and even

threatened violence towards her and her family. The defendant used the sex videos of him and Minor Victim as a means of control. The defendant told Minor Victim that if she left him, he would post the videos on social media and/or show the videos to Minor Victim's mother, stepfather, brother, and her friends.

The defendant's behavior in this case warrants a guideline sentence. He knowingly had sex with a 15-year-old female, recorded the sexual acts, and sent the videos to others for the purpose of harassment. Given the nature and circumstances of this offense, including the emotional/psychological damage this caused Minor Victim, a guideline sentence is appropriate here.

## **CONCLUSION**

Based upon the nature of the offense, the need for the sentence to afford adequate deterrence, the need to protect the public from further crimes of the defendant, and – especially in this case – the need to provide just punishment, it is the government's position that a sentence at the high end of the Guidelines range is necessary to achieve the purposes of 18 U.S.C. § 3553(a)(2).

                                              TRINI E. ROSS
                                              United States Attorney

                                  BY:    s/JONATHAN P. CANTIL
                                              Assistant United States Attorney
DATED:    October 13, 2023             Western District of New York
                                              138 Delaware Avenue
                                              Buffalo, New York 14202