UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       v.

TRISTIN PEARSON,

       Defendant.

**Defendant's Request for a Non-Guideline Sentence**

Docket No.: 22-CR-173-RJA

---

### DECLARATION OF REXFORD H. MORGAN, ESQ., IN SUPPORT OF THE

### DEFENDANT'S REQUEST FOR A NON-GUIDELINE SENTENCE

Tristin Pearson, by and through his attorney, Rexford H. Morgan, an attorney admitted to practice law in this State and District, files this Sentencing Request asking the Court to impose a Non-Guideline Term of Probation.

### PROCEDURAL HISTORY

On November 3rd, 2022, a federal grand jury returned a three-count Indictment against the defendant. The Indictment charged the defendant with one count of production of child pornography, one count of distribution of child pornography, and one count of possession of child pornography. Dkt. 1.

On March 29th, 2023, the defendant pleaded guilty to Count 3 of the Indictment, charging him with possession of Child Pornography. Dkt. 17.

As set forth in the defendant's plea agreement, the government and defendant calculated a Sentencing Guidelines total offense level of 35 and a criminal history category of III. The resulting Sentencing Guidelines range of imprisonment anticipated

by the plea agreement was 120 months (the statutory maximum punishment for the charged offense), a fine range of $40,000 to $250,000, and a period of supervised release of life. Dkt. 16, ¶15.

The Presentence Investigation Report (Dkt. 26)(the "PSR") prepared by the United States Probation Office calculated a total offense level of 35 and a criminal history category of IV, resulting in a Sentencing Guidelines range of imprisonment of 120 months, a fine range of $40,000 to $250,000, and a period of supervised release of five years to life. The government previously filed a Statement with Respect to Sentencing Factors in which it accepted the PSR's calculations; however, the government noted that it is bound by the terms of the plea agreement. Dkt. 29.

## STATEMENT OF FACTS

The defendant does not dispute any of the facts set forth in in paragraphs 14 through 23 of the PSR.

## APPLICABLE LAW

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with correctional treatment in the most effective manner. 18 U.S.C.§3553(a)(2).

In determining an appropriate sentence, the Court must first correctly calculate the applicable Guidelines range. *See Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* While the Guidelines should be the starting point and the initial benchmark." *Id.* While the Guidelines are advisory, an error in determining the applicable Guidelines range could render a sentence unreasonable on appellate review. *See United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005).

After providing the parties an opportunity to argue for a sentence they deem appropriate, the Court must "consider all the §3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50. In determining whether the §3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." *Id.* At 50. In that regard, "no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court... may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661.

Finally after determining the sentence, the Court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

## DISCUSSION

A guideline sentence would be wildly inappropriate and damaging to many law abiding members of the defendant's family, friends, employers and the community at large.  The defendant does not disagree with the government's description of the facts of the case.  Mr. Pearson has been open about his unacceptable behavior and did not fight the government regarding the guilt for his actions as young man.  As the PSR indicates Mr. Pearson was under the influence of a multitude of drugs, a coping mechanism for an unstable and sometimes violent home life.  Mr. Pearson has never used that drug use as an excuse for his behavior to me, but rather an explanation for how he could have done something so out of character for him.

The government describes the behavior of Mr. Pearson sending a video to his ex-girlfriend's new partner as a means of harassment and/or antagonizing behavior.  Mr. Pearson agrees this was deplorable behavior, and is embarrassed at the actions he took. It  should be noted, despite any threats, no violent behavior or additional releases of videos to social media or other persons was acted upon by the defendant.  At no point has Mr. Pearson done anything to perpetuate a desire to share or make child pornography for the enjoyment of others or even for himself.  His inappropriate behavior was terrible, but it was explicitly an action of a bitter ex trying to annoy or make jealous his previous partner.  At the time in 2018, Pennsylvania had Mr. Pearson charged and plead guilty to Terrorist Threats and Retaliation Against a Victim, related directly to the behavior the government describes in their Sentencing Memorandum. The defendant spent a little over two years in state prison in the Commonwealth of

4

Pennsylvania, learning from his incredibly poor choices, getting sober and getting connected to mental health services to help facilitate his functional behavior in society upon getting released to parole.

Mr. Pearson was successful with that transition.  In January 21st, 2021 he was released to parole and successfully completed parole with no violations and maintained employment since his release from custody.  The lack of any violations on parole is commendable in the defense's opinion, considering the extremely high recidivism rate of convicts with sex offense related crimes.

Since that time, Mr. Pearson has done everything in his power to commit himself to being a reformed man.  He has continued to be gainfully employed and made a life for himself in Erie, Pennsylvania.  He built a healthy relationship with Amanda Harmon, a good woman who is older than Mr. Pearson and has nothing but respect for the changes Mr. Pearson made and for the honesty he has given her about his past.

When Mr. Pearson was arrested by the Government for the current case, he has appeared at all of his court dates, cooperated with parole supervision and continued to work and take care of his family as the primary income provider.  Mr. Pearson and Ms. Harmon share a biological child who is only a little over a year old, as well as Ms. Harmon's child from a previous relationship.  Mr. Pearson is a major positive impact on those children and Ms. Harmon, and his loss would be crippling to their family and the well being of the children and Ms. Harmon.

The defense has discussed this case in depth with Mr. Pearson and he understands the possible sentence range and was still willing to accept his guilt and

plea to the current count of the Indictment.  However, it is the defense's belief that his

case is the unique exception that deserves to be sentenced outside the guidelines.  Mr.

Pearson has already been sentenced to prison time due to his actions at the time of these

events.  He has personally made the changes to his behavior, social group and mental

health support needed to make sure that he is a productive member of the community

and to prevent any future relapse with drugs and alcohol.

The defense believes that the Court has ample information and support to

sentence Mr. Pearson to a term of probation instead of the recommended 120 months of

custody.  Mr. Pearson's unusual case of having previously been incarcerated and

released to parole on a separate, but related conviction.  Mr. Pearson is no longer a

threat to the community and has rehabilitated himself to the point where his new

employers are willing to write him support letters despite the nature of the Indictment.

He has continued to follow up with treatment for both addiction and mental health

issues.  Mr. Pearson does not have tendencies towards pedophilia or any history

relating to similar behavior other than the current event.

The defense believes it is important to reflect upon the victim's statement, that

despite Mr. Pearson's behavior at the time, as an adult now, the victim does not want

Mr. Pearson to have his life ruined.  And while the punishment Mr. Pearson will receive

in this case is no one's fault but his own, a term of probation, along with being marked a

sex offender will change his life forever and be a substantial penalty for him to pay for

the rest of his life.   The defense would submit that the penalty of probation and being

on the Sex Offender Registry is sufficient to protect the community and to make sure

that Mr. Pearson has no future inappropriate behaviors, while allowing him to continue to support his family, rehabilitate himself and to give truth to the notion that the purpose of our Justice system is not just retribution or punishment, but for the rehabilitation and repair of the community.

Mr. Pearson greatly appreciates the Court's time in considering his unique case and specific facts that should be considered when sentencing him against the guideline recommendation.


Executed October 18th, 2023, Jamestown, New York.


Respectfully submitted,

**/s/  Rexford H. Morgan**
Rexford H. Morgan, Esq.
Morgan Law Firm PLLC
20 W. Third Street, Ste. 11
Jamestown, NY 14701
(716) 720-4011, (716) 708-6839 (Fax)
rex@morganlawny.com
*Counsel for Defendant Tristin Pearson*


**TO:**  Jonathan Cantil
Assistant United States Attorney